UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MUNDEN,

       Petitioner,

                                    CIVIL CASE NO. 05--40318
v.                                       HONORABLE PAUL V. GADOLA

MILLICENT WARREN,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

       Brian Munden ("Petitioner"), a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder, M.C.L. § 750.317, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b, following a bench trial in the Wayne County Circuit Court in 2001. In his pleadings, Petitioner raises claims challenging the validity and impartiality of the trial court's decision. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

**II.    Facts and Procedural History**

       Petitioner's convictions stem from the shooting death of another man in Detroit, Michigan on January 14, 2000. The Michigan Court of Appeals set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich.

2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> This case arises out of the shooting of the victim, Spencer Lee. At trial, Lee's girlfriend, Deshawn Reese, testified that defendant went to her house and shot Lee unprovoked. Defendant acknowledged going to Reese's house and shooting at Lee, but claimed Lee threatened him with a gun. Defendant further acknowledged that after the shooting, he left his gun at his friend Donald Walker's house. On searching Walker's house, the police found defendant's gun.

*People v. Munden*, No. 234046, 2002 WL 31058102, at *1 (Mich. Ct. App. Sept. 13, 2002) (unpublished). Petitioner was charged with first-degree murder and felony firearm. At the close of trial, the court set forth its factual findings and legal conclusions and convicted Petitioner of the lesser offense of second-degree murder and felony firearm. The court subsequently sentenced Petitioner to consecutive terms of 15 to 60 years imprisonment and two years imprisonment.

Petitioner, through counsel, filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the exclusion of evidence and the sufficiency of the evidence. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *See People v. Munden*, No. 234046, 2002 WL 31058102 (Mich. Ct. App. Sept. 13, 2002) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Munden*, 468 Mich. 876, 659 N.W.2d 236 (2003).

Petitioner subsequently filed a motion for relief from judgment with the trial court, raising the claims contained in the present petition. The trial court denied the motion finding that Petitioner had failed to establish cause to excuse his failure to raise the claims on direct appeal of his convictions. *See People v. Munden*, No.00-10216-01 (Wayne Co. Cir. Ct. Sept. 11, 2003) (unpublished).

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of established entitlement to relief under MCR 6.508(D)."

*See People v. Munden*, No. 254388 (Mich. Ct. App. Aug. 20, 2004) (unpublished).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *See People v. Munden*, 472 Mich. 913, 697 N.W.2d 153 (2005).

Petitioner thereafter filed the present habeas petition raising the following claims:

I. The trial court did not use sound discretion and abandon its duty as an impartial, rational fact finder based on a rational view of the evidence. Whereas, the trial court initially ruled the defendant's act as an act of imperfect self-defense but failed to fully address that ruling while electing to convict the defendant of second-degree murder due to the trial court's political beliefs and biased view of defendant's character.

II. The trial court abused its discretion by relying on extraneous evidence in its conclusion of law denying the defendant his constitutional right to confront all the witnesses against him and get all the evidence on the record.

Respondent has filed an answer to the petition, asserting that the claims are procedurally defaulted and/or lack merit.  Petitioner has filed a reply to that answer.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are determined solely by the holdings of the Supreme Court, the decisions of lower federal courts

4

are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Carey v. Myers*, 74 Fed. Appx. 445, 448 (6th Cir. 2003) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996)). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.     Analysis**

Petitioner challenges the validity and impartiality of the state trial court's decision finding him guilty of second-degree murder and felony firearm. Respondent contends that Petitioner's habeas claims are barred by procedural default because Petitioner failed to raise those claims on direct appeal of his convictions.

Petitioner first presented his habeas claims to the state courts in his motion for relief from judgment. The trial court denied the claims, finding that Petitioner had not shown that appellate counsel was ineffective so as to establish good cause for failing to raise the claims on direct appeal. Both Michigan appellate courts denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). A petitioner's procedural default in

5

the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *Wainwright*, 433 U.S. at 85; *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Supreme Court relied upon Michigan Court Rule 6.508(D) in denying leave to appeal. That rule provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D). The state court's decision, while brief, was based upon an independent and adequate state procedural rule. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000). Further, the record reveals that the trial court denied the motion for relief from judgment because Petitioner failed to establish cause for not raising the claims on direct appeal of his convictions. *Cf. Abela v. Martin*, 380 F.3d 915, 922-23 (6th Cir. 2004) (Michigan Supreme Court's reference to MCR 6.508(D) may not be clear procedural default when a lower court denies relief on the merits).

6

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). The "cause" standard in procedural default cases "requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (citations omitted). Such factors may include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *Id.* at 493-94.

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective. In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Petitioner has failed to show that by omitting the claims presented in his subsequent motion for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented viable claims concerning the exclusion of evidence that a witness possessed a gun and the sufficiency of the evidence on direct appeal. Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising the claims contained in his motion for relief from judgment was deficient or

unreasonable. Petitioner has not shown that he was denied the effective assistance of appellate counsel. He has thus failed to establish cause to excuse his procedural default.

This Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, even assuming that Petitioner could establish cause to excuse his default, he cannot establish prejudice as his underlying claims lack merit.

Petitioner's claims essentially challenge the trial court's reasonableness in determining that sufficient evidence existed to support his second-degree murder conviction and rejecting his self-defense claim. To support a conviction, the evidence presented at trial must be sufficient to permit a rational factfinder to conclude that the defendant is guilty of the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As noted by the Michigan Court of Appeals on direct appeal, the second-degree murder verdict (and rejection of Petitioner's self-defense claim) was supported by witness Deshawn Reese's testimony and the trial court properly exercised its discretion in making credibility determinations about the trial testimony. *See Munden*, 2002 WL 31058102 at *2. It is well-established that credibility determinations are left to the trier of fact and that federal habeas courts are not in a position to redetermine the credibility of witnesses who have appeared before the state trial court. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The trial court acted within its authority in assessing the credibility of Petitioner and the other witnesses at trial.

Further, although the trial court referenced the concept of imperfect self-defense in rending its decision, the court clearly rejected Petitioner's self-defense claim. The court determined that Petitioner acted in a manner that was likely to cause death or great bodily harm knowing that death

or such harm would be the likely result of his actions and that he could not have reasonably believed that his life was in danger or that there was a threat of serious bodily harm. *See* Trial Tr., pp. 175-80. Petitioner has not shown that the state trial court erred or operated under a mistaken view of the law or the facts.

Petitioner alleges that the trial court improperly relied upon political beliefs, a biased view of his character, and extraneous evidence. The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997); s*ee also Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *In re Murchison*, 349 U.S. 133, 136 (1955). To state a claim that a judge is biased, a petitioner must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *See United States v. Lowe*, 106 F.3d 1498, 1504 (6th Cir. 1997). Petitioner has not done so. A bench trial judge is presumed to consider only relevant and admissible evidence in reaching a decision. *See United States v. Joseph*, 781 F.2d 549, 552 (6th Cir. 1986). Petitioner has not overcome this presumption. The record reveals that the trial court based its decision on the evidence presented at trial and reasonable inferences drawn therefrom. *See* Trial Tr., pp. 175-80. Petitioner has failed to establish that the trial court abused its discretion, acted unreasonably, was biased against him, or otherwise violated his constitutional rights.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v.*

*United States*, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner has made no such showing.  His habeas claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

**V.**     **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus [docket entry 1] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.  Petitioner has not shown that reasonable jurists would find this Court's procedural ruling debatable, nor has he made a substantial showing of the denial of a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 336-37 (2003).

**SO ORDERED.**

Dated:     April 25, 2007                                         s/Paul V. Gadola
                                                                                  HONORABLE PAUL V. GADOLA
                                                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on    April 26, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                                   Raina I. Korbakis                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Brian Munden            .

                              s/Ruth A. Brissaud
                              Ruth A. Brissaud, Case Manager
                              (810) 341-7845