UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MUNDEN,

    Petitioner,

v.

    CIVIL CASE NO. 05-40318
    HONORABLE PAUL V. GADOLA

MILLICENT WARREN,

    Respondent.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION BUT DENYING HABEAS RELIEF ON ADDITIONAL CLAIMS

**I.    Introduction**

This matter is before the Court on Petitioner's motion for reconsideration concerning the Court's denial of his habeas corpus petition. Petitioner seeks reconsideration because the Court did not consider two claims which he raised on direct appeal of his convictions as part of his habeas petition. Having reviewed the matter, the Court concludes that Petitioner's motion for reconsideration should be granted and the Court should consider the two additional claims. For the reasons set forth below, however, the Court denies habeas relief on those additional claims.

**II.    Facts and Procedural History**

The Court incorporates the statement of facts set forth in its initial opinion and order denying the habeas petition. The additional claims Petitioner presents for habeas review are:

    I.    As a result of the trial judge's refusal to allow the defense to present evidence that the witness Deshawn Reese owned a gun, the defendant was denied a fair trial and due process of law.

1

II. The evidence was not sufficient to overcome the presumption of innocence for the reason the defendant acted in justifiable self-defense.

Petitioner has exhausted these claims in the state courts.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.' " *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Carey v. Myers*, 74 Fed. Appx. 445, 448 (6th Cir. 2003) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996)). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

### A. Evidentiary Claim

Petitioner asserts that he is entitled to habeas relief because the trial court erred in refusing to allow defense counsel to question witness Donald Walker about whether Deshawn Reese, the girlfriend of victim Spencer Lee, possessed a gun. Petitioner claims that such evidence was relevant to show that Lee had threatened Petitioner with a gun and that a gun found at Walker's house could have come from Reese.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

The Michigan Court of Appeals denied relief on this claim finding that defense counsel had failed to lay a proper foundation for the questions. The court stated in relevant part:

> The trial court properly required defense counsel lay a foundation before questioning Walker regarding Reese's alleged gun ownership. Defense counsel attempted to elicit the information in an attempt to establish that Lee threatened defendant with a gun. Reese had previously testified that she did not possess a gun and that Lee did not have a gun. Whether Reese had a gun in the house on the night of the incident may have been relevant to defendant's theory of self-defense; however, on the evidence presented at the time of Walker's testimony, there was no basis to conclude Walker had any knowledge that there had been a gun at Reese's house at the time of the incident or that any gun found at Walker's house could have been that same gun.
>
> The trial court gave defense counsel the opportunity to lay a foundation, but defense counsel stated its objection and declined to further question the witness regarding the matter. Had defense counsel attempted to lay a foundation, the evidence may

4

> have been admissible. However, counsel waived any further challenge to the trial
> court's ruling by failing to attempt to lay a foundation for the evidence. *See People
> v. Carter*, 462 Mich. 206, 215; 612 N.W.2d 144 (2000). The trial court did not
> abuse its discretion by refusing to admit the evidence without defense counsel first
> laying a foundation for relevancy.

*Michigan v. Munden*, No. 234046, 2002 WL 31058102 at *1 (Mich. Ct. App. Sept. 13, 2002).

The Michigan Court of Appeals addressed this issue as a matter of state law and did not discuss whether the trial court's ruling violated federal law. Accordingly, this Court must conduct an independent review of the state court's decision. *See, e.g.*, *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The trial court gave the defense an opportunity to lay a foundation for the questions and counsel failed to do so. Petitioner has not shown that the trial court's decision rendered his trial fundamentally unfair. Petitioner has not presented any evidence, such as an affidavit from Donald Walker, to show that relevant and admissible evidence was suppressed. Petitioner's assertions that Donald Walker would have testified that Deshawn Reese had a gun, that she or Lee had a gun at her house on the night of the incident, and/or that the gun was kept at Walker's house are unsubstantiated. Conclusory allegations are insufficient to justify the grant of the writ. Conclusory allegations, without

evidentiary support, do not provide a basis for habeas relief. *See, e.g.*, *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Habeas relief is therefore not warranted on this claim.

### B. Insufficient Evidence Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence of guilt to support his conviction.[1] In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also Warren*, 161 F.3d at 360.

To establish the offense of second-degree murder under Michigan law, the prosecution must prove: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *See People v. Goecke*, 457 Mich. 442, 463-64; 579 N.W.2d 868 (1998). To prove malice, the prosecution must establish that the defendant had the intent to kill, the intent to cause great bodily harm, or the intent to do an act in want and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm. *Id*. at 464. Intent may be inferred from all the facts and circumstances, including circumstantial evidence. *See People v. Jolly*, 442 Mich. 458, 466; 502 N.W.2d 177 (1993). A killing is justified by self-defense if the defendant honestly and reasonably believes that he is in danger of death or serious bodily injury. *See People v. Wilson*, 194 Mich. App. 599, 602; 487 N.W.2d 822 (1992). When a defendant presents evidence of self-defense, the prosecution has the burden of disproving it beyond

---

[1] The Court addressed the sufficiency of the evidence in discussing Petitioner's other two habeas claims in its initial opinion. Nonetheless, the Court will specifically review the issue again to ensure completeness of the record.

a reasonable doubt. *See People v. Fortson*, 202 Mich. App. 13, 20; 507 N.W.2d 763 (1993).

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support Petitioner's second-degree murder conviction and reject his claim of self-defense. The court stated in relevant part:

> Here, the trial court was faced with a credibility contest between Reese and defendant. Reese testified Lee did not have a gun and that defendant shot Lee unprovoked. Defendant testified Lee threatened him with a gun, and as a result, defendant feared for his safety. The trial court discredited defendant's testimony. It is within the province of the trial court to determine witness credibility. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to disprove the theory of self-defense and find defendant guilty of second-degree murder.

*Munden*, 2002 WL 31058102 at *2.

Having reviewed the record, this Court agrees and finds that the decision of the Michigan Court of Appeals is neither contrary to nor an unreasonable application of *Jackson* or of the facts. The verdict was supported by Deshawn Reese's testimony that Petitioner came to her home, that Petitioner shot Spencer Lee without cause, and that neither she nor Lee were armed at the time of the incident.

Petitioner's insufficient evidence claim challenges the credibility and weight to be accorded the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the job of the jury or judicial fact-finder, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Given Deshawn Reese's

testimony, the Michigan Court of Appeals' determination that a rational trier of fact could have found the elements of second-degree murder beyond a reasonable doubt was reasonable. Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the additional claims contained in his petition.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration is **GRANTED** and the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. Petitioner has not made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 336-37 (2003).

**SO ORDERED**.

Dated:   June 11, 2007                                         s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___June 11, 2007___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Raina I. Korbakis_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Brian Munden_____.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845
